INDEPENDENT POTOK ZLOTY SISTERS AND BROTHERS BENEVOLENT SOCIETY, Plaintiff, v. HIGHLAND VIEW CEMETERY CORPORATION, Defendant.

First Department, June 19, 1942.

*Louis R. Patur*, for the plaintiff.

*Charles P. Kramer* of counsel [*Roe & Kramer*, attorneys], for the defendant.

DORE, J. Plaintiff, a benevolent membership corporation, is the owner of a burial plot in Mount Judah Cemetery owned and maintained by defendant Highland View Cemetery Corporation. After purchasing the plot, plaintiff caused to be erected thereon an entrance structure consisting of ornamental iron gates, bars, stone pillars and an arch. On November 15, 1934, one Harmon Holzhauser, by defendant's direction, delivered to defendant at the cemetery a quantity of fertilizer purchased by defendant to be used in the care of the cemetery. The fertilizer was delivered on a wagon truck drawn by a team of horses. Holzhauser was not an employee of defendant nor did defendant own the wagon truck or horses. While delivering the fertilizer to the cemetery, Holzhauser negligently and carelessly drove the team of horses so that the truck ran into, broke down and damaged the entrance structure to plaintiff's plot. On this submission of controversy under section 546 of the Civil Practice Act, the issue is whether defendant is liable to plaintiff for the damages.

Defendant owed a duty to lot owners to exercise reasonable care to keep the cemetery over which it retained control in a reasonably safe condition. But defendant was not an insurer. There is nothing in the agreed statement of facts to indicate that defendant was in any wise negligent in the maintenance and operation of the cemetery or that the public roadways, particularly those in front of plaintiff's burial plot, were improperly maintained or in disrepair, or caused or contributed to cause the accident and the damages. The horses and the truck were not owned by defendant. The driver was not an employee of defendant, nor was he directed or controlled by anyone in defendant's employ. In *Catlin* v. *Peddie & Co.* (46 App. Div. 596 [1st Dept.]) this court said: "A driver or other person who is employed by a butcher, or an ice company, or a milkman, to bring articles daily to a house, and who may be engaged in that occupation for years, would not, from that circumstance alone, become the servant of one to whom he was delivering goods so as to render that person liable for his acts of negligence. He would not be the servant of the one to whom the goods were delivered, but of the master who employed and paid him for the work."

The mere fact that Holzhauser, as employee of the owner of the wagon truck, committed an act of negligence on the public road of the cemetery is no reason why defendant as owner of the cemetery should be responsible for such negligence. On the facts disclosed defendant was not guilty of any breach of duty, statutory or otherwise, and may not be held liable for damages caused to plaintiff's property by the owner and driver of the wagon over which defendant had no supervision or control.

Defendant is entitled to judgment, without costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously directed in favor of the defendant, without costs. Settle order on notice.